## In the Matter of the Marriage of

### William Harry TUCKER,
*Respondent,*
*and*

### Sharon Pamela TUCKER,
### nka Sharon Pamela Chaussee,
*Appellant.*

### (79-7-412; CA A67897)

838 P2d 1099

Mark A. Johnson, Portland, argued the cause for appellant. With him on the brief were Raymond P. Young and Gevurtz, Menashe, Hergert, Larson & Kurshner, P.C., Portland.

Michael D. Walsh, West Linn, argued the cause for respondent. With him on the brief was Hutchison, Hammond, Walsh, Herndon & Darling, P.C., West Linn.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Wife appeals a judgment of contempt for her violation of an order that was based on the property distribution contained in a dissolution decree[1] entered on March 25, 1980.

As part of the property distribution, wife was awarded the Pine Cone Tavern, subject to a lien for $25,000 in favor of husband, which was to be paid should the property be sold. In 1983, wife leased the business with an option to purchase.[2] Several times between 1983 and 1990, the trial court ordered wife to comply with the terms of the decree by making payments. On June 21, 1989, the court entered an order for wife to account for all money received from the sale, leasing or renting of the tavern and to pay husband a share. On June 23, 1990, husband moved the court for an order to wife to show cause why she had not complied with the 1989 order. On December 17, 1990, the court entered an order finding wife in contempt for violating the June 21 order. The December 17 order was the basis for the later contempt judgment.

Wife assigns error to the trial court's denial of her motion to dismiss the contempt proceeding. First, she argues, the court had no authority to enforce the lien in the decree, because it expired, with the decree, 10 years after entry of the dissolution decree. *See* ORS 107.126; ORS 18.360. Second, the decree required her to pay money other than for support and, therefore, ORCP 78C bars the court from finding her in contempt for failing to pay.

Neither party apparently realizes that a judgment of contempt cannot be attacked on the ground that the initial decree or underlying order was erroneous. *State ex rel Mix v. Newland*, 277 Or 191, 560 P2d 255 (1977). If wife's arguments are intended to challenge the validity of the 1989 order, they are irrelevant because, even if that order was erroneous, a question we cannot now decide, the proper remedy would have been a direct appeal or a mandamus proceeding, not

---

[1] Although, under ORCP, dissolution of marriage is now accomplished by a judgment rather than by a decree, we use "decree" to distinguish between the dissolution judgment and the contempt judgment.

[2] The parties do not dispute that that transaction was a sale within the meaning of the decree.

disobedience. *State v. Crenshaw*, 307 Or 160, 764 P2d 1372 (1988). If the arguments are intended to challenge only the contempt order, they are also irrelevant, because that order was a device to remedy wife's violation of the 1989 order, not a device to enforce the decree.

Affirmed.